IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § | |
| v. | § § | Criminal Action No.: 4:23-cr-00554 |
| LATOYA WILLIAMS, | § § § § | |

## GOVERNMENT'S MOTION IN LIMINE NOS. 1-8

COMES NOW, the United States Attorney for the Southern District of Texas, Alamdar Hamdani, through Assistant United States Attorney Tyler S. White, filing herein the Government's Motion in Limine No. 1 and would show the Court as follows:

This case is presently scheduled for a pretrial conference on January 12, 2024. Prior to the commencement of trial, the Government requests the Court to instruct the Defendant, her attorneys, and any witnesses questioned or presented by the defense in this case, not to mention, recite, allude to, or refer to in any way before the jury any of the matters listed below until a hearing is conducted outside the presence of the jury to determine their admissibility. The United States would respectfully show the Court that the following matters are presumptively irrelevant, misleading and/or confusing to any issue for the jury's proper consideration and should be ruled inadmissible at all stages of this trial:

1. <u>PLEA DISCUSSIONS</u>: Any plea arrangement discussions, pretrial conferences, or any related statements between the Government and the Defendant or her counsel in this case, in that such information is not relevant evidence in connection with the resolution of any issues in this case. FED. R. EVID. 401, 402, 410.

2. <u>SENTENCING ISSUES</u>: All references to the potential term of imprisonment that Defendant faces in the event of his conviction in this case. The Defendant's potential

punishment is not relevant to the issue of their guilt. FED. R. EVID. 401, 402. It is well-settled law in federal criminal trials that the potential punishment a defendant may face is not a proper matter for the jury to consider in deciding the guilt of any defendant.

3. <u>STATEMENTS RELATING TO THE FINANCIAL, EMOTIONAL OR HEALTH STATUS OF ANY OF THE DEFENDANT'S FAMILY</u>: The Government specifically requests the Defendant's counsel be strictly prohibited from stating and eliciting in any manner, from any witness, the financial, emotional or health status of members of the Defendant's family or Defendant herself. The conditions of family members and Defendant are irrelevant in the trial of this case and counsel should be cautioned to avoid eliciting responses that touch or bear on the aforementioned matters. FED. R. EVID. 401, 402.

4. <u>COLLATERAL ATTACK</u>: Defendant has previously been convicted of criminal offenses, some of which have similar elements or are related to the offenses with which he is currently charged. Defendant has failed to file any pre-trial motions that attack their prior convictions. Since the defense has failed to raise any collateral attack on the convictions in pretrial motions, he should be barred from attaching them at trial. Defendant was afforded the opportunity to appeal their convictions, which he failed to do. The time for Defendant to attack his past convictions was when they were convicted and not at a new criminal trial, especially where the fact of the underlying conviction may be related to an element of the offense. Further, the lawfulness of a conviction is a matter for the court to decide, not the jury.

5. <u>BIAS OR SYMPATHY</u>: The Government specifically requests the Defendant's counsel be strictly prohibited from stating and eliciting in any manner from any witness, any question, comment, argument, or testimony encouraging the jury to base their verdict in any way on bias or sympathy. Juries are not to let bias or sympathy influence their consideration

in deciding the guilt of any defendant. The Court will likely instruct the jury that they are not to be influenced by bias or sympathy but are to base their verdict on the facts as they find them and the law which the Court gives them. Accordingly, the jury should not be encouraged to disregard such instructions by any questions, arguments, or testimony which may appear designed to encourage them to ignore the Court's instructions and allow themselves to be influenced by bias or sympathy.

6. <u>CHARACTER EVIDENCE</u>: Federal Rule of Evidence 404(b) proscribes the admission of character evidence to prove that a defendant has a good character and acted in conformity therewith. *See* FED. R. EVID. 404(b); *United States v. Morgan*, 505 F.3d 332, 339-40 (5th Cir. 2007). From this prohibition follows the general principle that individual acts of good conduct are not admissible to prove good character. *See id*; *see also United States v. Camejo*, 929 F.2d 610, 613 (11th Cir.) (defendant's refusal to accept witness' offer to join narcotics business inadmissible), *cert. denied*, 502 U.S. 880 (1991). Consequently, evidence of good conduct is not admissible to negate criminal intent. *See Michelson v. United States*, 335 U.S. 469, 477 (1948); *United States v. Marrero*, 904 F.2d 251, 259-60 (5th Cir. 1990), *cert. denied*, 498 U.S. 1000 (1990). In other words, "a defendant may not seek to establish his innocence . . . through proof of the absence of criminal acts on specific occasions." *United States v. Scarpa*, 913 F.2d 993, 1011 (2d Cir. 1990).

Whether Defendant is a good person is irrelevant to the charges against her, and offers no defense to those charges. Similarly, evidence of specific charity or pro bono work, specific awards, or other specific instances of "good conduct" such as paying taxes on reported income, is not relevant to a material issue in dispute. Such evidence therefore, should not be admitted, whether offered through direct or cross-examination. *See, e.g., United States v. Neighbors*, 23 F.3d 306, 310 (10th Cir. 1994) (evidence that defendant was asked to serve on board of

substance abuse center excluded in drug trial); *United States v. Santana-Comacho*, 931 F.2d 966, 967-68 (1st Cir. 1991) (evidence of character as a good family man and a kind person inadmissible because not pertinent to illegal transportation of aliens charge); *United States v. Nazzaro*, 889 F.2d 1158, 1168 (1st Cir. 1989) (policeman's resume and commendations properly excluded as not pertinent to mail fraud charge)*; United States v. Gravely*, 840 F.2d 1156, 1164 (4th Cir. 1988) (evidence about defendant's specific activities with March of Dimes inadmissible).

Therefore, the Court should preclude Defendant and her counsel from eliciting any question, comment, argument, or testimony regarding any of the Defendant's charitable contributions, charitable activities, community awards, volunteer activities, payment of yearly income taxes and other specific instances of good conduct.

7. <u>JURY NULLIFICATION ISSUES</u>: It would be improper for Defendant to in any way to suggest to the jury that the jury should acquit for reasons beyond the facts and the law. In 1895, the United States Supreme Court decided *Sparf & Hansen v. United States*, 156 U.S. 51 (1895), which is still universally regarded as the decisive case disapproving of jury nullification. In *Sparf*, the defendants, convicted of murder, sought review on the theory that the trial judge had unconstitutionally usurped the jury's province by instructing it that, although the jury had the power to bring in a verdict of manslaughter, any verdict other than a conviction for murder, the crime charged, or a total acquittal would violate its oaths and duties. *Id*. at 59-63. The Supreme Court rejected their argument, holding that, although a jury has an absolute power to ignore a judge's directions, it has no such right and to do so is wrongful. *Id*. at 101-02. As the Supreme Court explained: "Public and private safety alike would be in peril if the principle be established that juries in criminal cases may, of right, disregard the law as expounded to them by the court, and become a law unto themselves." *Id*.

Thus, the law is plain that it is improper for the defendants to suggest in any way that the jury should acquit them even if it finds that the Government has met its burden of proof. *See United States v. Thompson*, 253 F.3d 700, 2001 WL 498430 at *16 (5th Cir. 2001) (citing *United States v. Gonzalez*, 110 F.3d 936, 947-48 (2d Cir.1997)); *see also United States v. Perez*, 86 F.3d 735, 736 (7th Cir. 1996) ("[A]n unreasonable jury verdict . . . is lawless, and the defendant has no right to invite the jury to act lawlessly. Jury nullification . . . is not a right, either of the jury or of the defendant"); *Scarpa v. Dubois*, 38 F.3d 1, 11 (1st Cir. 1994) ("Defense counsel may not press arguments for jury nullification in criminal cases"); *United States v. Trujillo*, 714 F.2d 102, 105 (11th Cir. 1983) ("Appellant's jury nullification argument would have encouraged the jurors to ignore the court's instruction and apply the law at their caprice. While we recognized that a jury may render a verdict at odds with the evidence or the law, neither the court nor counsel should encourage jurors to violate their oath."); *United States v. Edwards*, 101 F.3d 17, 19 (2d Cir. 1996) (holding good motives do not nullify a defendant's violation of the law and a jury should not be encouraged to consider such arguments).

8. <u>SELF-SERVING STATEMENTS</u>: In *Thomas v. United Sates*, No. 13-cv-298 and 09-cr-2453, 2014 WL 2971165, at *8-9 (W.D. Tex. July 2, 2014), that Court explained that:

> First, testimony or video evidence of Petitioner's post-arrest exculpatory statements would in all likelihood be inadmissible at trial. The Federal Rules of Evidence generally forbid the introduction of hearsay evidence — that is, an out-of-court statement offered for the truth of the matter asserted. *See* Fed. R. Evid. 801(c). Although exceptions to the rule against hearsay exist, *see* Fed. R. Evid. 801(d); 803–804; 806–07, a criminal defendant's exculpatory out-of-court statements may generally not be introduced for the truth of the matter asserted. *See United States v. Doxy,* 225 F. App'x 400, 402 (7th Cir.2007) ("Typically, a party's self-serving, exculpatory, out-of-court statement is inadmissible hearsay."); *United States v. Ortega,* 03 F.3d 675, 682 (9th Cir.2000) (quoting *United States v. Fernandez,* 839 F.2d 639, 640 (9th Cir.1988)) ("If the district court were to have [allowed the defendant to introduce his self-serving statements, the defendant] would

have been able to place his exculpatory statements 'before the jury without subjecting [himself] to cross-examination, precisely what the hearsay rule forbids.'"). To that end, courts often exclude "videotaped, post-arrest, purportedly exculpatory statement[s]" given by criminal defendants. *See United States v. Villalovos,* No. 06–30008–01, 2009 WL 2767661, at * 5 (W.D. La. Aug.26, 2009). *Accord United States v. Vargas,* 689 F.3d 867, 870 (7th Cir.2012) (affirming exclusion of a defendant's exculpatory statement made on a video of defendant's arrest); *United States v. Feliciano,* No. CR–08–0932–01 PHX–DGC, 2009 W L 3353030, at *1 (D. Ariz. Oct.19, 2009) (granting government's motion in limine requesting redaction of defendant's self-serving statements from videotaped interview with law enforcement). Courts also regularly exclude self-serving statements made by a criminal defendant to law enforcement officers regarding the defendant's lack of involvement in, knowledge of, or culpability for the charged offense. *See United States v. Mitchell,* 502 F.3d 951, 964–65 (9th Cir.2007); *Doxy,* 225 F. App'x at 402–03; *United States v. Larsen,* 175 F. App'x 236, 241–42 (10th Cir.2006); *United States v. Gallagher,* 57 F. App'x 622, 627–29 (6th Cir.2003); *Fernandez,* 839 F.2d at 640; *Feliciano,* 2009 WL 3353030, at *1 ("A defendant's self-serving statements to law enforcement are inadmissible hearsay."). Petitioner's statements . . . that he "had no knowledge of a conspiracy, or of the delivery of any drugs . . . or any knowledge of who the drugs belong to" are self-serving out-of-court statements made by a criminal defendant in his own favor.

More recently, in *United States v. Crinel*, No. 15-61, 2016 WL 6441249 (E.D. La. Nov. 1, 2016), that Court explained that "self-exculpatory statements are exactly the ones which people are most likely to make when they are false, and thus are not excepted from Rule 802's prohibition against hearsay." *Id.* at *2, citing *Williamson v. United States*, 512 U.S. 594, 599 (1994). That Court further explained that not only does the hearsay exception not apply to self-serving exculpatory statements, but "if such statements were deemed admissible, parties could effectuate an end-run around the adversarial process by, in effect, testifying without swearing an oath, facing cross examination, or being subjected to first-hand scrutiny by the jury." *Id.*, quoting *United States v. Ortega*, 203 F.3d 675, 682 (9th Cir. 2000). More importantly, the Court in *Crinel* opined that:

> Courts have made clear that out-of-court exculpatory statements made by the defendant are inadmissible even if the exculpatory statement is made in

tandem with a statement that is admissible under one of the hearsay exceptions. For example, the Federal Rules of Evidence provides exceptions to the general exclusion of hearsay for an opposing party's statement and for statements against interest. . . . [S]tatements collateral to a self-inculpatory statement should be treated any differently from other hearsay statements that are generally excluded. . . . [W]hile the Government may introduce part of a statement made by the defendant, or part of a statement that included a statement against interest, the defendant could not then seek to introduce the exculpatory part of that statement that had not been introduced." *Id.* at *2, citing *United States v. McDaniel*, 398 F.3d 540, 545 (6th Cir. 2005).

Likewise, in *United States v. Courtney*, No. 16-117, 2017 WL 3736678 (M.D. La. Aug. 30, 2017), that Court granted the United States motion in limine to preclude the defendant from introducing his own out-of-court self-serving statements, including the remainder of an 18-minute jail call recording. *Id.* at *2. The Court ruled that although the portion the United States sought to introduce was permissible as a statement of a party opponent and as a statement against interest (*see* Fed. R. Evid. 801(d)(2)), the remainder of the statement would be inadmissible when offered by the defendant himself as it would be inadmissible hearsay. *See id.* The Court further ruled that the Rule of Completeness did not save the defendant's attempt to introduce the remainder of the statement because under Fed. R. Evid. 106, as interpreted by the Fifth Circuit, the portions of a statement that are neither relevant to nor explanatory of the admitted passages are still inadmissible. *See id.*, citing *United States v. Garcia*, 530 F.3d 348, 352 (5th Cir. 2008); *United States v. Branch*, 91 F.3d 699 (5th Cir. 1996) ("Rule 106 only allows the admission of portions that are relevant and necessary to qualify, explain, or place into context the portion already introduced."); *United States v. Crosby*, 713 F.2d 1066, 1074 (5th Cir. 1983). That Court then noted that under the abovementioned Fifth Circuit caselaw, "the exculpatory nature of an excluded statements does not require its admission under Rule 106." *Id.* at *4. Therefore, that Court concluded that:

> Under the Federal Rules of Evidence, any portions of the recorded call that the Defendant seeks to admit are inadmissible hearsay. However, because the United States is seeking admission of the excerpts of the recording, the Court agrees that Rule 801(d)(2)(A) permits the United States to introduce excerpts of the recording as statements offered by a party opponent. Nonetheless, the Defendant urges the Court to fine that either Rule 106, the rule of completeness, and/or Rule 807, the residual exception to hearsay, apply and allow the Defendant to now admit additional excerpts of the recording. . . . [T]he Court finds that neither of these rules apply and that the Defendant is precluded from introducing or eliciting at trial his own out-of-court hearsay, including the remainder of the jail call recording.

*Id.* at *5.

Similarly here, , Defendant should be precluded from introducing recordings that constitute self-serving exculpatory statements, or other extraneous exculpatory self-serving statements, as they are inadmissible hearsay.

**PRAYER**

It is for all of the above reasons we ask the Court grant this motion and find the above matters inadmissible at all stages of the trial in this case.

Date:   December 6, 2023	Respectfully submitted,
ALAMDAR HAMDANI
United States Attorney, Southern District of Texas

By:   *s/ Tyler S. White*
Tyler S. White
Assistant United States Attorney
Attorney-in-Charge
State Bar Nos.:   TX24100437
1000 Louisiana Street, 25th Floor
Houston, Texas 77002
Tel.: (713) 567-9333; FAX: (713) 718-3303
E-mail:   Tyler.White2@usdoj.gov
*Counsel for the United States of America*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 6th day of December, 2023, I electronically filed the foregoing document with the Clerk of Court using CM/ECF, to which opposing counsel listed below is a member and provided a copy via email:

Dustan Orlando Neyland
Greco Neyland, PC
701 North Post Oak Road, Suite 425
Houston, Texas 77024
Tel.:   713-972-1100; FAX:   713-972-1102
Email: dneyland@greconeyland.com

*s/ Tyler S. White*
Tyler S. White
Assistant United States Attorney

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § | |
| v. | § | Criminal Action No.: 4:23-cr-00554 |
| | § | |
| LATOYA WILLIAMS, | § § § § | |

**ORDER**

HAVING CONSIDERED the Government's Motion in Limine, and finding it to be meritorious, it is hereby

ORDERED that the Government's Motion in Limine is hereby GRANTED and that the matters set forth in the Motion shall not be introduced in evidence until the Court has had a chance to rule on the relevancy of such evidence prior to its introduction.

SIGNED this the _____ day of _____, _____ at Houston, Texas.

_____
THE HONORABLE GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE